RECEIVED
IN ALEXANDRIA, LA.
AUG 29 2013
TONY R. MOORE, CLERK
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| JASON LEE SHORT | DOCKET NO. 13-CV-2158; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Jason Lee Short is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, incarcerated at the United States Penitentiary in Angola, Louisiana. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner attacks his conviction for second degree murder in the Seventh Judicial District Court, Concordia Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Petitioner was convicted of Second Degree Murder and was sentenced to life in prison without the benefit of parole, probation, or suspension of sentence. His conviction was affirmed on direct appeal State v. Short, 958 So.2d 93, 2006-1451 (La.App. 3 Cir. 5/16/07), *rehearing denied* (Jun 27, 2007). He filed a writ application in the Louisiana Supreme Court, which was denied on February 1, 2008. State v. Short, 976 So.2d 714, 2007-1473 (La. 2/1/08), *reconsideration denied* (3/14/08). The United States

Supreme Court denied certiorari on June 27, 2007. <u>State v. Short</u>, 555 U.S. 869 (2008)(NO. 07-11448).

Petitioner filed an application for Post Conviction Relief on March 3, 2010. [Doc. #1-3, p.15] A hearing was conducted on September 14, 2011, and the motion was denied on the record. [Doc. #1-3, p.31 & Doc. #1-4] Petitioner sought writs in the Third Circuit Court of Appeal and then Louisiana Supreme Court. <u>See State ex rel. Short v. State</u>, 110 So.3d 1071, 2012-2442 (La. 4/5/13). His writ applications were denied.

### *Law and Analysis*

**1. Timeliness under §2244(d)(1)(A)**

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a **one-year** statute of limitations for the filing of an application for writ of habeas corpus by a person such as Petitioner who is in custody pursuant to the judgment of a State court. This limitation period generally runs *from "...the date on which the judgment became final* by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A) (emphasis added). The United States Supreme Court denied writs on <u>June 27, 2007</u>, so his conviction became final for AEDPA purposes on that date. Therefore, Petitioner had until <u>June 27, 2008</u>, to file a federal petition for writ of habeas corpus. He did not file the petition until June 2013 – five years beyond the limitations date.

Although Section 2244(d)(2) contains a statutory tolling provision, it is inapplicable to Petitioner's claim. 28 U.S.C. §2244 provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, ***any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period***. See Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999), *citing* Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999). Well over one year lapsed from the date Petitioner's conviction became final - 6/27/07 - to the date he filed an application for post-conviction relief - 3/3/10. Thus, the limitations period under the AEDPA had lapsed prior to Petitioner's application for post-conviction relief. He is not entitled to statutory tolling.

2.  **Equitable Tolling**

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

3

action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (citing Barrow v. New Orleans S.S Ass'n, 932 F.2d 473, 478 (5th Cir.1991)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

*Conclusion*

The available evidence clearly establishes that the instant petition is time-barred. Therefore, **IT IS RECOMMENDED** that Jason Short's petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because Petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

...

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of

appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 28th day of August, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE